UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IDILIO ORTA
Plaintiff.

vs.                          CASE #_____ 00-3664
                                             CIV-JORDAN

BACHILLER IRON WORKS, INC.                    MAGISTRATE JUDGE
Defendant.                                         BANDSTRA

_____/  COMPLAINT.

**COMES NOW Plaintiff, by and through undersigned counsel, and states:**

**1. This is an action arising under the laws of the United States.**

**2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.**

**3. The Defendant is a corporation that is located in Dade County and regularly transacts business within Dade County.**

**4. All acts or omissions giving rise to this dispute took place in Dade County.**

## FEDERAL STATUTORY VIOLATION

**5. This action arises under the law of the United States.**

**6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. SS 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.**

**7. 29 U.S.C  S 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. S 206 (a) (1)]"**



8. 29 U.S.C. S 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff was an iron worker while he worked for the Defendant. The Defendant is in the iron molding business upon information and belief.

10. Plaintiff worked an average of (90.0) hours per week for Defendant from at least 05/15/98 TO ON OR ABOUT FEBRUARY 15TH, 1999.

11. Plaintiff was paid an average of $5.50 /hr. for the hours that he worked for Defendant but was never compensated for overtime wages nor straight wages for the hours that he worked in excess of forty weekly.

12. Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. DEFENDANT NEVER POSTED ANY NOTICE, AS REQUIRED BY THE FAIR LABOR STANDARDS ACT AND FEDERAL LAW, TO INFORM EMPLOYEES OF THEIR FEDERAL RIGHTS TO OVERTIME AND MINIMUM WAGE PAYMENTS. EVEN AFTER THE DEFENDANT HAS BEEN APPRISED OF ITS OVERTIME VIOLATIONS FOR OVER ONE YEAR NOW, IT STILL HAS NOT PAID THE PLAINTIFF HIS OVERTIME WAGES AS REQUIRED BY THE F.L.S.A.

Wherefore,  the Plaintiff requests double damages and reasonable attorney fees from  Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. Plaintiff requests a trial by jury.

Respectfully submitted.

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71ST STREET #605
MIAMI BEACH, FLA 33141
305-865-6766
F.B.N. 0010121

BY: _____

J.H. ZIDELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IDILIO ORTA
Plaintiff.

vs.                                    CASE #___ _____

BACHILLER IRON WORKS, INC.
Defendant.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, by and through undersigned counsel, serves its first request for admissions to each Defendant, and requests the Defendant to admit or deny the truth of the following, pursuant to F.R.C.P.

1. Admit that Plaintiff worked an average of (90) hours per week with you during his entire employment period with you as stated in the complaint.

2. Admit that you paid Plaintiff an average of $5.50/hr as a salary since Plaintiff began employment with you until his termination from employment by you as stated in the complaint.

3. Admit that you never paid Plaintiff overtime wages during Plaintiff's entire employment period with you.

4. Admit that you pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours during the time period from 01/93 until THE PRESENT DAY.

5. Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire employment period with you as stated in the complaint.

6. Admit that you never paid Plaintiff at least minimum wages as required by the law of the United States.

7. Admit that, at times, you always paid Plaintiff in cash and that you never reported these payments to the Internal Revenue Service.

8. Admit that you documented the Plaintiff to have worked far fewer hours that in reality the Plaintiff worked for you.

9.  Admit that you have had another lawsuit filed against you by another employee, other than the Plaintiff, for overtime wages under the Fair Labor Standards Act since 01/01/98.

10.  Admit that Plaintiff's work for you effected interstate commerce.

11.  Admit that your business effected interstate commerce for the time that Plaintiff worked for you.

12.  Admit that your business had a gross annual income of over $500,000.00 for the time Plaintiff worked for you.

13. Admit that the Fair Labor Standards Act applies to your business activities for the time Plaintiff worked for you.


Wherefore, Plaintiff serves his First Request for Admissions on Defendant pursuant to F.R.C.P.

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was attached to complaint and that the date of service shall govern all corresponding response time limits as set forth in the Fla. R. Civ. P 1.350.

> **J.H. Zidell**
> **Attorney For Plaintiff**
> **300 71ST STREET . #605**
> **MIAMI BEACH, FLA. 33141**
> **(305)865-6766**
> **F.B.N. 0010121**
> **By:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IDILIO ORTA
Plaintiff.

vs.                         CASE #_____

BACHILLER IRON WORKS, INC.
Defendant.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Comes now Plaintiff, by and through undersigned counsel, and serves its first request for production to each Defendant Corporation, and requests that Defendant Corporations produce the following for inspection, copying, and examination within (45) forty five days from the date hereof, pursuant to F.R.C.P. AS FOLLOWS:

1. All receipts for all payments made to Plaintiff by Defendant during Plaintiff's entire employment term with Defendant. Include All paystubs from all paychecks.

2. All contracts/documents of employment relating to Plaintiff's employment with Defendant.

3. All time sheets for all weeks worked by Plaintiff for Defendant beginning with Plaintiff's commencement of employment with Defendant and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendant.

4. All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendant.

5. A list of all employees with names, phone numbers and addresses that Defendant has employed since 1/1/93 until THE PRESENT DAY.

6. All employee income reporting documents submitted by the Defendant to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint.

1. Any and all documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.
2. Any and all corporate books and records of Defendant CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendant.
3. Any and all wage claims and/or wage-hour complaints filed by any of Defendant's former or current employees for alleged violations of the federal and/or state wage-hour statutes.

4. Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendant by any of its current or former employees.

5. Any and all documents which depict, embody or otherwise reflect the Defendant's policies, practices, and procedures related to its payment of overtime compensation during the relevant time period.

6. Any and all documents which depict, embody or otherwise reflect the Defendant's policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

7. Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendant.

8. All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to Plaintiff by the Defendant during the relevant time period.

9. Any and all documents submitted by the Defendant to the United States Department of Labor or the ... United States Department of Labor or the ... Florida Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

10. Any and all documents received from the FLORIDA Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

11. Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

12. Any and all employee handbooks, personnel policies or other documents which embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 1980, including any amendments or modifications thereto.

13. The complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendant.

14. The complete personnel file of each and every person who held a supervisory position at the Defendant's facility during the relevant time period.

15. Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by supervisors other than the Plaintiff employed at the Defendant's facility during the relevant time period.

16. All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendant's facility during the relevant time period.

17. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the federal or state Department of Labor alleging wage-hour violations on the part of the Defendant.

18. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendant.

19. The complete personnel files of each and every employee terminated by the Defendant at the subject facility during the relevant time period.

20. Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment by the Defendant.

21. Any and all documents on which Defendant intends to rely at trial to support its affirmative defense set forth in its Answer to this complaint.

22. Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendant in this action.

23. Copies of all other lawsuits filed against you for overtime wages under the Fair Labor Standards Act by employee(s).

Wherefore, Plaintiff serves its First Request for Production on Defendant Pursuant to F.R.C.P.

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was attached to complaint and that the date of service shall govern all corresponding response time limits as set forth in the F.R.C.P.

> **J.H. Zidell**
> **Attorney For Plaintiff**
> **300 71ST STREET #605**
> **MIAMI BEACH, FLA. 33141**
> **(305)865/5766**
> **F.B.N. 0010421**
> **By:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IDILIO ORTA
Plaintiff.

vs.                         CASE # _____

BACHILLER IRON WORKS, INC.
Defendant.

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES

The Plaintiff hereby files his Notice of Service of Interrogatories propounded to each Defendant and states that the original and one copy of said Interrogatories and a true copy of the foregoing Notice of Serving Interrogatories were delivered to Defendants by a process server on the same day marked on the return service of the complaint. The Plaintiff requests that the F.R.C P be complied with and that all time limits imposed by the same be adhered to by the Defendants when submitting answers to the following questions to the undersigned.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was attached to the complaint for this action and served on the Defendants by a certified process server.

J.H. ZIDELL.
300 71ST STREET #605
MIAMI BEACH, FLA. 33141
305-865-6766
F.B.N.0010121

BY: _____

## INTERROGATORIES

1. Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendant.

2. Please state what Plaintiff's wages were during his entire employment period with you. Include what his hourly wage was, what his overtime wage was (if any), any and all bonuses that he received during his entire employment period with you.

3. Please explain why you hired the Plaintiff on or about 1994 and under what conditions ( ie. payment terms and hours worked).

4. Please state in detail what Plaintiff's job duties were during his entire employment period with you and specify all pertinent dates and all positions that Plaintiff held with you.

5. Please state the dates and exact time period that Plaintiff worked for you and include all time periods of Plaintiff's absence (if any) and reasons for such absence and whether Plaintiff was paid during his absence period (if any) and, if not paid, specify the reason for the non-payment.

6. Please state the names and addresses of all Defendant employee's from 06/15/1997 until THE PRESENT DAY and include phone numbers.

7. Please state what type of payment plan and job schedule were given by Defendant to all of its IRON WORKERS personnel and specify hourly rate, overtime wages, and bonuses for each for the time period listed in #6 above and specify the employee name, address, and phone number.

8. Please state the name, address, and phone number of the Defendant's accountant(s) for the time period stated in #6 above.

9. Please state the name, phone number, and address for the Defendant employee responsible for hiring and firing Defendant workers for the time period as specified in #6 above.

10. Please state the name, address, and phone number of the Defendant employee, for the time period as specified in #6 above, who signed all employee checks. If there was more than one individual, please state all names, addresses and phone numbers and for which Defendant employees the "payer" was responsible for.

11. Please state what the job duties of an iron worker are with Defendant for the time period as specified in #6 above.

12. Please state how many hours per week Defendant's EMPLOYEES worked on the average for the time period as specified in #6 above and what the hourly rate of pay was for the position and how much overtime wages were paid for this position--if any at all.

13. Please list the names, addresses, and phone numbers of all for Defendant iron workers for the time period as specified in #6 above.

14. Please state how many hours per week on the average that THE PLAINTIFF worked for Defendant for the time period as specified in #6 above and what the rate of pay was for this position and what the overtime wage was as well--if any at all.

15. Please list the names, addresses, and phone numbers of Plaintiff's supervisors for the time span as listed in #6 above.

16. Please state whether or not you maintain or have maintained documentation relating to overtime exemption for the Plaintiff and , if so, where the documentation is stored and the content of the documentation.

17. Please state the name, phone number, and address of the individual who hired Plaintiff as an iron worker for Defendant.

18. If you intend to call expert witnesses at the time of trial, please state the name, number, and address of each and on what subject each is expected to testify.

19. Please identify each person believed or known by you, your agents, or attorneys, to have heard or has purported to have heard the Plaintiff make any statement, remark, or comment concerning the wage dispute described in the complaint and the substance of each statement, remark, or comment.

20. Please list all payment forms in which Defendant has compensated its employees from 06/92 until 05/00.( ie. cash, check or other...) Also, please state why different payment methods are used for different employees.

21. Please state how and where all records are kept for cash payments to employees by Defendant from 06/92 to THE PRESENT DAY. Please state how these cash payments to employees are reported to the I.R.S. by the Defendant.

22. Please state what type of business the Defendant Corporation conducts and if the Defendant Corporation is known by any other names and the various locations from where the Defendant Corporation conducts business including complete address and business name.

23. Please state whether or not and when (date) any other lawsuit has ever been filed against you by any other employee(s) for overtime wages under the Fair Labor Standards Act, the case #, and the Court in which it was filed as well has if the case(s) are still pending or if they have resolved.

## II. INTERROGATORIES --supplemental TO 1-23 ABOVE.

1. State the following information regarding EACH DEFENDANT Corporation:
(a)      The date and place of incorporation;
(b)      The name, address and title of each and every officer of said corporation and of each person who held an office thereof during the relevant time period;
(c)      The name and address of each and every current director of said corporation and of each and every director thereof during the relevant time period; and
(d)      The name and address of each and every shareholder of said corporation.

2. Identify each and every person (by name, address and title) responsible for the payment of wages to employees of EACH DEFENDANT Corporation during the relevant time period, and further state the function each such person performed with respect to employee wage payments.

3. Describe in detail EACH Defendant's policies, practices and procedures regarding the payment of overtime to its employees during the period of Plaintiff's employment including, but not limited to, information regarding:
(a)      The job classifications considered to be subject to the overtime requirements of federal and/or state law and any job classification deemed exempt from such requirements, specifying the nature of each such exemption claimed;
(b)      How overtime was calculated;
(c)      When overtime was paid and the rate at which it was paid;
(d)      Any procedures in effect to verify compensable hours worked by Defendant's employees who were paid an hourly wage; and
(e)      Whether Defendant ever compensated its employees with compensatory time off in lieu of cash payments for overtime hours worked.

4. Identify each and every document in EACH Defendant's possession or control or of which it has knowledge to embody or otherwise reflect any of the information requested in Interrogatories 1 through 3, inclusive.

5. State the following information with respect to each and every former or current employee of the Defendant who, during the relevant time period, filed a wage claim with the ... FLORIDA Department of Labor, the United States Department of Labor and/or who instituted wage-hour litigation in federal or ... (state) court:
(a)      His or her name, current or last known address, current or last known telephone number;
(b)      The employee's date of hire, the job classification for which he or she was hired and starting rate of pay;

(c)     The date on which any wage claim or related litigation was filed;
(d)     The docket number of any such wage claim or litigation and the court or administrative body with which the claim was made;
(e)     The job classification and rate of pay of the employee at the time any such wage claim and/or litigation was instituted; and
(f)     The date of termination, if applicable, and the stated reasons therefor.

6. With respect to each wage claim and/or lawsuit identified in your response to the preceding Interrogatory, state the following:
(a)     Whether the wage claim or litigation remains pending and, if not, the disposition rendered thereon (e.g., settlement, dismissal, judgment, etc.); and
(b)     The date of any such disposition and the terms thereof.

7. Identify each and every document in EACH Defendant's possession or control or of which it has knowledge which embodies or otherwise reflects any of the information requested in Interrogatories 5 through 6, inclusive.

8. State the following information with respect to Plaintiff's employment at EACH Defendant's facility:
(a)     Date of hire;
(b)     Job classification for which he was hired;
(c)     Starting rate of pay and fringe benefits;
(d)     Whether Plaintiff's hourly rate changed during the course of said employment and, if so, the date of each such change in compensation, the basis for change (e.g., promotion, annual increase, etc.), and the amount thereof; and
(e)     The date of termination of Plaintiff's employment, the rate of pay and fringe benefits and job classification then held, and the stated reasons for termination.

9. State the number of hours actually worked (including straight time and overtime hours) by Plaintiff at EACH Defendant's facility during each pay period from the date of his hire by the Defendant through the date of his termination, and further identify each pay period to which this response refers.

10. State the amount of wages actually paid to Plaintiff by EACH Defendant for each pay period identified in the preceding Interrogatory. Further state the following with respect to each wage payment referenced herein:

(a)     The pay period involved (specify dates);
(b)     The amount of straight time wages paid and the rate of pay at which paid; and
(c)     The amount of overtime wages paid and the rate of overtime pay on which overtime wages were based.
11. Identify each and every document in EACH Defendant's possession or control or of which it has knowledge which embodies or otherwise reflects any of the information requested in Interrogatories 8 through 10, inclusive.

12. Describe in detail EACH Defendant's policies, practices and procedures for the payment of vacation pay to its employees during the relevant time period including, but not limited to, information concerning how and when vacation payments were made and the manner of accrual thereof.

13. State the vacation time granted to Plaintiff for each year during the course of his employment by the Defendant, and further state the dates of each such vacation taken by the Plaintiff. If the Plaintiff had accrued any vacation which was unused as of the date of termination, state the amount of any such accrued but unused vacation time and whether Plaintiff was ever compensated therefor.

14. Identify each and every document in EACH Defendant's possession or control, or of which it has knowledge to reflect any of the information requested in Interrogatories 12 through 13, inclusive.

15. State the following information with respect to each employee terminated at the Defendant's facility during the relevant time period:
(a)     Name and current or last known address;
(b)     Starting date, job title on hire and attendant rate of pay;
(c)     Date of termination;
(d)     Job classification and rate of pay held on termination;
(e)     The stated reason for termination; and
(f)     Whether the employee filed an internal complaint, administrative complaint or lawsuit to contest the termination, and if so, identify each complaint so filed (by number and where filed) and further state the disposition thereof.

16. State the name, current and last known address and job title of each and every person who supervised employees at EACH Defendant's facility during the relevant time period, and further state for each employee:
(a)     The employee's rate of pay during the course of his or her employment as supervisor;
(b)     The average number of hours worked each workweek;
(c)     The general duties and responsibilities performed by the employee, including a description of his or his supervisory responsibilities;
(d)     Whether the employee was paid overtime compensation and, if so, the manner in which overtime was computed and paid; and
(e)     If the employee was not paid overtime during the relevant time period, state the reason for which an overtime exemption is asserted as a basis for non-payment, specifying the particular exemption claimed.

17. State the name, address and job classification of each and every individual involved in the preparation of answers to these Interrogatories, and further state the name, address and current or last known address of each and every person who may have knowledge relevant to the subject matter of this lawsuit.

I. DEFINITIONS AND CONSTRUCTIONS --INTERROGATORIES.
For purposes of these interrogatories, the following definitions shall apply:

1. The term ``Defendant,'' unless otherwise indicated, refers to Defendant CORPORATION and, when not negated by the context, also refers to each and every officer, employee, attorney or agent of such entity who presently holds such a position or who has held such a position during the relevant time period.

2. The term ``facility'' refers to the Defendant's operations at Miami Beach, Fla. unless otherwise indicated.

3. The term ``division'' refers to each major division in the facility, including sections and units.

4. The terms ``job category'' and ``job classification'' refer to the descriptive names given by the Defendant to each position within the facility.

5. The term ``pay group'' refers to each rate of pay in any one job category or job classification.

6. The term ``rate of pay'' refers to the monthly, bi-weekly or weekly salary or, if paid by the hour, the hourly rate.

7. The term ``overtime compensation'' refers to employee payments for hours worked in excess of forty (40) hours per week.

8. The term ``straight time'' means employee wage payments, exclusive of overtime compensation.

9. The term ``pay period'' means the time period covered by regular wage payments, whether weekly, bi-weekly, daily or monthly and, unless otherwise indicated, requires a statement as to the specific dates covered by the pay period for which information is requested.

10. The term ``termination'' means any permanent separation from employment whether voluntary or involuntary, but does not include ``lay-off.''

11. The term ``lay-off'' means a temporary separation from employment for which an employee retains the right to recall.

12. The term ``employee'' includes any person, including all executives, managers, supervisors and professionals, who is or has been employed by the Defendant at its facility on a full- or part-time basis, unless otherwise indicated.

13. The term ``document'' refers to, and includes, but is not limited to, writings, drawings, graphs, charts, phonograph records, computer or other recording tapes, and every other type of physical evidence or data compilation.

14. The term ``identify'' when related to documents shall require a statement regarding the name, address, job category or classification or the custodian of the document and the present location of the document. In the event that any document which would have been described or identified in response to any interrogatory was but is no longer in existence, a statement shall be required whether such document is missing, lost, destroyed, transferred to others, or otherwise disposed of, and a further statement is requested setting forth the surrounding circumstances and approximate date of any such loss, destruction, transfer or other disposition.

15. The term ``describe in detail'' shall require in the case of an act, procedure, transaction, relationship, thing or occurrence:
(a)      A full description of such act, procedure, transaction, relationship, thing or occurrence by reference to:
(1)      date(s);
(2)      places;
(3)      person(s) involved; and
(4)      manner or means employed.
(b)      Identification of your source(s) of information concerning such act, procedure, transaction, relationship, thing or occurrence, including the date upon which you received such information.
(c)      Identification of each document relating to, or evidencing such act, procedure, transaction, relationship, thing or occurrence.
(d)      Specification of each document so identified which you intend to offer into evidence, whether at trial or on deposition, stating the particular act(s) or occurrence(s) in connection with which the offer is to be made.
(e)      Identification of each person having knowledge of such act, procedure, transaction, relationship, thing or occurrence.

16. The term ``relevant time period'' refers to the period of January 1, 1980, through the date of service of these interrogatories, unless otherwise indicated.

I. DEFINITIONS AND CONSTRUCTION --REQUEST TO PRODUCE.

A. As used herein, the words and phrases set forth below shall have  the following meaning or meanings:

1. The term ``document'' refers to, and includes but is not limited  to, writings, drawings, graphs, charts, phonograph records, computer or other  recording tapes, and every other type of physical evidence or data  compilation.

2. The term ``identification'' or ``identify'' as applied to  documents shall require stating the date, author, addressee, signatory,  number of pages, subject matter, custodian and location of document.

3. The term ``related to'' or ``relating to'' shall mean directly  or indirectly mentioning or describing, pertaining to, being connected with,  or otherwise reflecting upon a stated subject matter.

4. The term ``Defendant'' shall mean Defendant   CORPORATION and,  when not negated by the context, shall also mean each and every officer,  employee or agent of said Defendant who has held or presently holds such a   position during the relevant time period.

5. The term ``relevant time period,'' unless otherwise indicated,  shall mean the period of January 1, 1980, through the date of service of this  Request to Produce.

B. In construing this Request, the following rules are applicable:

1. The singular shall include the plural, and the plural shall  include the singular.

2. A masculine, feminine or neuter pronoun shall include all other  genders.

3. Each request shall extend to all documents which are or have  been in the possession or subject to the control of the Defendant, its  officers, agents or employees, during the relevant time period. If any  requested document was, but no longer is in Defendant's possession or subject  to it control, or is no longer in existence, state whether any such document is:

(a)     missing or lost;

(b)     destroyed;

(c)     transferred to others, and, if so, whom;

(d)     otherwise disposed of (specify).

In the case of the foregoing instances, set forth the surrounding  circumstances and any authorization for the latter three dispositions, the   date or best approximate date of any such disposition, as well as, if known,  the present location and custodian of any such documents.

4. The production requests contained herein shall be deemed to be  continuing in nature and shall include documents herein below described which  are discovered after any initial production of documents in compliance  herewith. Any such documents shall  be produced in accordance with this   Request to Produce within thirty (30) days after discovery thereof.

II. CLAIMS OF PRIVILEGE

All documents as to which any privilege is claimed, shall be   marked, identified, segregated and retained intact by the Defendant subject  to and pending a ruling by the Court as to the claimed privilege.

<u>NOTORIAL ATTESTATION</u>

I, _____, AN EMPLOYEE OF DEFENDANT AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (TWENTY THREE TOTAL WITH SUPPLEMENTAL FOLLOWING) DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_____

**(INDICATE NAME AND EMPLOYEE STATUS WITH DEFENDANT)**

State of_____)


County of_____)


The foregoing instrument was acknowledged before me on this _____ day of _____, 2000, by _____, who is personally known to me or has produced ____ _____ as a valid form of identification for these purposes. (please indicate)

_____
**notary public--sign**

_____
**notary public--print**

_____
**commission number and expiration date of same**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00 - 3664

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV JORDAN**

## I. (a) PLAINTIFFS

Idone 2516

## DEFENDANTS

Canadian Imperial

**MAGISTRATE JUDGE BANDSTRA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J.H. Zidell, P.A.
300 SEVENTY FIRST STREET - SUITE #605
MIAMI BEACH, FL 33141

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:    DADE,    MONROE,    BROWARD,    PALM BEACH,    MARTIN,    ST. LUCIE,    INDIAN RIVER,    OKEECHOBEE    HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

### A CONTRACT

**PERSONAL INJURY**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### A REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### A TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### A LABOR
- ☑ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### A OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
- ☐ A OR B

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FRCP 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☑ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions)

JUDGE                                          DOCKET NUMBER

DATE    9/29/00                SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

8150.00  829359